UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00282-FDW-DSC

| | |
|---|---|
| LEWIS CORPENING, individually and on behalf of all others similarly situated, ) ) ) Plaintiff/Counter Defendant, ) ) vs. ) ) ) MONEYLION INC.; MONEYLION OF NORTH CAROLINA LLC; ML PLUS, LLC; and ML WEALTH LLC, ) ) ) ) Defendants/Counterclaimants. ) ) | ORDER |

THIS MATTER is before the Court on Defendants ML Plus, LLC ("ML Plus") and MoneyLion Inc.'s ("MoneyLion") (collectively "Defendants") Motion to Dismiss (Doc. No. 24). Defendants argue that the case should be dismissed because the summonses served on them were defective, thereby depriving the Court of jurisdiction under Rules 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure. (Doc. No. 25, p. 1-2). In his response, Plaintiff notes that "[s]ince the filing of Defendant's [sic] motion to dismiss, the Parties' counsel conferred and Defendants have agreed to accept service through their counsel. As such, Defendants agree that their Motion to Dismiss should be denied as moot." (Doc. No. 30, p. 13) (citations omitted). In fact, in a joint motion, the parties noted that "Defendants' counsel agreed to accept service of the Amended Complaint . . . . Defendants agree to withdraw Defendants' Motion to Dismiss or that it is otherwise rendered moot." (Doc. No. 29, p. 2, ¶ 3). Although this motion was ultimately denied, see (Doc. No. 31), such denial does not change the fact that Defendants' counsel agreed to accept service, nor is there evidence that such an agreement was conditioned on the Court granting the

1

joint motion.  Moreover, in neither Defendants' Reply in Support of Motion to Compel (Doc. No. 32)[1] or Memorandum in Support of Defendants' Motion to Stay Proceedings (Doc. No. 38) do Defendants rebut the assertion they have agreed to accept service of the Amended Complaint via Defense Counsel or that their Motion to Dismiss (Doc. No. 24) is now moot.

Because Defendants' agreement to accept service via Defense Counsel occurred after the Motion to Dismiss was filed (Docs. Nos. 24, 29), and because that agreement does not appear conditioned on the Court granting the parties' joint motion, (Doc. No. 29, p. 2, ¶ 3), the agreement supersedes the Motion to Dismiss, thereby rendering it moot.  Accordingly, Defendants' Motion to Dismiss (Doc. No. 24) is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: December 4, 2019

Frank D. Whitney
Chief United States District Judge

---

[1] Plaintiff's Response (Doc. No. 30) was a joint memorandum responding to Defendants' Motion to Dismiss (Doc. No. 24) and Motion to Compel Arbitration (Doc. No. 26).  Defendants did not file a separate reply addressing the Motion to Dismiss issue, nor did they discuss that issue in the Reply to Plaintiff's Response (Doc. No. 32).